IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SAFEFLIGHT, INC. | ) | |
| | ) | Case No.: 5:05-CV-2622 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| CHELTON FLIGHT SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**RULE 56(F) OPPOSITION AND MOTION FOR EXTENSION OF TIME COMMENSURATE WITH THE DISCOVERY PERIOD ORDERED BY THE COURT IN WHICH TO RESPOND TO MOTION FOR SUMMARY JUDGMENT FILED BY CHELTON**

Now comes Plaintiff, Safeflight, Inc. ("Safeflight"), pursuant to Rules 6(b)(1) and 56(f) of the Federal Rules of Civil Procedure, and moves this Court for an extension of time commensurate with the discovery period ordered by the Court (Doc. 20) in which to respond to the Motion for Summary Judgment filed by Chelton Flight Systems, Inc. ("Chelton"). In that motion, Chelton argues all of the claims of U.S. Patent No. 5,343,395 (the "'395 patent"), the sole patent asserted in this case, are invalid for failure to comport with 35 U.S.C. §§ 102 or 103. The grounds for this motion for an extension of time are as follows:

1.  Discovery only recently commenced in this action, with fact discovery not scheduled to close until February 1, 2007. (Doc. 20.) Notably, Chelton had proposed (Doc. 18 and Exhibit A, Declaration of Ray L. Weber, Par. 2) and argued to the Court at the Case Management Conference that discovery should not close until April 4, 2008 (Exhibit B, Declaration of Laura J. Gentilcore, Par. 1).

1

2. As of the date of the filing of Chelton's motion for summary judgment, Safeflight had yet to receive answers to its interrogatories and requests for production of documents served on Chelton on June 29, 2006. (See Exhibit A, Par. 3.)

3. Two declarations, one by Samuel A. Morello and the other by George G. Steinmetz, were filed in support of Chelton's motion. Declarant Samuel A. Morello was not even identified by Chelton in its initial disclosures served on June 13, 2006. (Exhibit A, Par. 4, and Exhibit C.) Although declarant George G. Steinmetz was listed in Chelton's initial disclosures as "G.G. Steinmetz," with the exception of his telephone number, he was not further identified. (Exhibit C.) While Morello is identified in Chelton's Amended Initial disclosures served on July 5, 2006, it is only as "Sam Morello," with his telephone number given (See Exhibit A, Par. 4, and Exhibit D, See also, Exhibit E, served by Chelton on September 18, 2006, which still does not further identify either declarant more fully.)

4. For all intents and purposes, the declarations pf Samuel A. Morello and George G. Steinmetz are expert testimony. (Exhibit A, Par. 5.) The declarations are opinions rendered (as to the level of ordinary skill in the art, inherency, anticipation and obviousness) based on articles reviewed by the declarants and their background. The Case Management Order contemplated that Safeflight would have until April 2, 2007 (i.e., until after the close of fact discovery) to designate an expert, and most importantly, that Safeflight would have the opportunity to depose any expert designated by Chelton. (Exhibit A, Par. 6, and Doc. 20.) In the case of Steinmetz, the declaration is given without the benefit of a curriculum vitae as required of experts under Rule 26(a)(2)(B) (stating only that he has no current resume as he is retired); and in the case of both

2

Morello and Steinmetz, listing of publications also required of experts under Rule 26(a)(2)(B). (See Morello and Steinmetz declarations.)

5. The declarants, Morello and Steinmetz, reside in Newport News and Suffolk, Virginia, respectively. While steps have been taken to subpoena them for depositions (Exhibit B, Par. 2, and Exhibit F), Steinmetz deposition cannot be accomplished until October 3, 2006, and it is unknown when Morello's deposition can be taken as he is reportedly out of the country (Exhibit B, Pars. 3 and 4.) Morello's absence from the country was learned when service of a subpoena could not be perfected. (Exhibit B, Par. 3.) Safeflight's opposition to the motion is currently due on October 4, 2006 (Exhibit B, Par. 8.) Further, since service of the Steinmetz subpoena, it was learned that as a former employee of NASA Langley Research Center ("NASA Langley"), he should not have given any declaration without prior consent of NASA Langley, and that NASA Langley could prevent his and Morello's further testimony. (See Exhibit B, Par, 5, and Exhibit G.) Safeflight only learned that NASA Langley would allow them to be deposed on September 28, 2006. (See Exhibit G.) It is still unknown, however, what the extent of that testimony will be as NASA Langley is asserting among other parameters as boundaries of their testimony, no disclosure of confidential trade secrets or commercial or financial information and/or classified information. (See Exhibit G.) Assertion of these parameters are highly surprising in view of the declarants statements of the public nature of their work on the TCV Program, part of the proof that Chelton would have this Court accept as "clear and convincing" in finding Safeflight's '395 patent anticipated and/or obvious.

6. There are four exhibits attached to the Morello and Steinmetz declarations, papers written by NASA Langley Research Center personnel in the 1970's and 1980's relating to its Terminal Configured Vehicle ("TCV") Program. Chelton did not identify the four exhibits in its initial disclosures, nor the TCV Program, generally. (See Exhibit A, Par. 4, and Exhibits C, D and E.) Safeflight only learned of the exhibits given in support of Chelton's motion for summary judgment one month prior to its filing when they were faxed to the undersigned. (See Exhibit A, Par. 8.) Additionally, the documents were first received in disarray, and had to be reorganized by Chelton's counsel, before being capable of review by the undersigned counsel for Safeflight. (See Exhibit A, Par. 8.)

7. All original documents relating to the TCV Program, the scope of which program is not readily determinable from the four exhibits, are in the custody and control of NASA Langley Research Center. While a subpoena was served upon Chief Counsel for NASA Langley requesting production of relevant documents, it was learned on September 28, 2006, that NASA will not comply with that subpeona.[1] (See Exhibit B, Pars. 6 and 7, and Exhibits G and H.) Safeflight's only other recourse may be a Freedom of Information Act request, which, if a response can be expected at all (Exhibit B, Par. 8), will take time.

8. Most significantly, as admitted by the declarants, themselves, none of the four exhibits, in and of itself, completely embodies the elements of any claim of

---

[1] Safeflight's counsel, Laura J. Gentilcore, was first advised by Kenneth Goetzke, Deputy Counsel for NASA Langley, that it need not comply with Safeflight's subpoena unless NASA Langley determined that compliance was in the interest of NASA. Subsequently, NASA has filed its Objection of United States to Deposition Subpoena and to Subpoena Duces Tecum (Exhibit G), refusing to produce any documents and restricting/precluding testimony at the depositions of Steinmetz and Morello. NASA Langley states therein that its decision in this regard is "final" (i.e., not subject to judicial review), citing 14 C.F.R. §1263.106 in support of this statement. Safeflight has not yet had the opportunity to review that citation and determine if a Freedom of Information Act request can still be made despite NASA Langley's decision.

4

Safeflight's '395 patent, nor do they, together, render any claim of Safeflight's '395 patent invalid for obviousness. (See Morello and Steinmetz declarations.) Only if the testimony of the declarants, particularly, the testimony as to (1) the ordinary skill in the art, (2) that certain of the claim elements were inherent or implied in the work conducted by NASA Langley personnel in the TCV Program in the 1970's and 1980's, and 3) that certain of the claim elements are obvious from such work of NASA Langley, is true, is there any basis for finding the '395 patent invalid. Further, only if that testimony, together with the disclosure of the four exhibits, is clear and convincing, can the motion of Chelton be granted. Here, the declarants' testimony is not corroborated by documentation. Indeed, it is intended to fill gaps in the proffered documentation as to what is inherent, implied or obvious. As the '395 patent is entitled to a presumption of validity, which presumption can only be overcome by clear and convincing evidence, Chelton's motion for summary judgment on the issue of invalidity must be denied for such conclusory statements, without documentary support, are not clear and convincing evidence of essential elements.

9. Additionally, there has been no claim construction in this action. The first step of an anticipation analysis is claim construction. *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000). Proper claim construction involves the view of one of ordinary skill in the art at the time of the filing of the application that issued as the patent, in this case, August 26, 1992. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-1313 (Fed. Cir. 2005)(en banc). The requested extension will allow the discovery essential to a determination of the level of ordinary skill in the art on August 26, 1992.

5

10. The second step of an anticipation analysis involves a comparison of the construed claim to the prior art. *Id.* To be anticipating, a prior art reference must describe the claimed invention sufficiently to have placed it in possession of a person of ordinary skill in the field of the invention. *Id.* An obviousness inquiry requires an assessment of what would have been obvious to that person of ordinary skill in the art at the time the invention was made. *In re Kahn*, 441 F.3d 977, 985 (Fed. Cir. 2006). Again, the requested extension will allow the discovery essential to a determination of the level of ordinary skill in the art on August 26, 1992, and thereby prevent an improper finding of obvious-type invalidity based upon hindsight. The question is not whether the claimed invention was technically feasible on August 26, 1992. The question is whether one of ordinary skill in the art on August 26, 1992 would have been led to make the combination recited in the claims. *In re Kahn,* 441 F.3d at 988-989. It is this latter question that is not addressed by the declarants, apart from conclusory statements that are not supported by documents, and which Safeflight intends to explore through discovery.

These grounds, supported by the attached declarations, individually as well as conjunctively, warrant grant of Safeflight's motion for an extension of time, based on the relevant law set forth below. Indeed, Chelton's declarations, which were obviously obtained in violation of NASA regulations (Exhibit G) and about which NASA Langley is now limiting and precluding discovery (Exhibits G and H), will likely be the subject of future motions to strike or preclude, depending upon what evidence is further obtained. It seems inherently contrary to notions of justice and fair play that declarations obtained with disregard of the law might be advanced as the sole basis for a summary judgment motion.

I.        <u>Standard for Grant of a Rule 56(f) Motion</u>.

In a patent case, regional circuit law governs practice under Rule 56(f). *Q-Pharma Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300 (Fed. Cir. 2004). Rule 56(f) provides that when it appears from the affidavits of a party opposing a motion for summary judgment, that the opposing party cannot for the reasons stated present essential facts to justify the party's opposition and that summary judgment should not yet be granted, the motion should be denied for further discovery. *United States v. Dairy Farmers of America, Inc.*, 426 F.3d 850, 863 (6th Cir. 2005). While the filing of a Rule 56(f) motion does not guarantee a movant additional time to conduct additional discovery, it is ordinarily appropriate when a defendant files a summary judgment motion before the close of discovery, or if expert evidence is involved in the motion, prior to the date for expert disclosures. *Estes v. King's Daughters Medical Center*, 59 Fed. Appx. 749, 754 (6th Cir. 2005), attached as Exhibit I.

The Sixth Circuit has held the following factors to be relevant to determining whether to grant a Rule 56(f) motion: when the movant learned of the issue that is the subject of the desired discovery; whether the desired discovery would change the ruling on the summary judgment motion; how long the discovery period lasted; whether the movant was dilatory in its discovery efforts; and whether the moving party was responsive to the discovery requests posed to it. *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-1197 (6th Cir. 1995). When each of these elements is considered here, each favors grant of Safeflight's Rule 56(f) motion.

7

II.      <u>Facts Essential to A Determination of Invalidity</u>.

A patent is entitled to a presumption of validity that can only be overcome by clear and convincing evidence. 35 U.S.C. § 282; See also, *Eli Lilly & Co. v. Barr Laboratories, Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). The relevant statute (35 U.S.C. § 282) puts the burden of proving invalidity on the party asserting it, and the burden never shifts to the patentee. *Stratoflex, Inc. v. Aeroquip Corp*., 713 F2d 1530, 1534 (Fed. Cir. 1983).

To obtain a grant of summary judgment of invalidity pursuant to 35 U.S.C. §102, the movant must demonstrate by clear and convincing evidence that each and every element of the claim of a patent is found in a single prior art reference, either expressly or inherently. *Scirpps Clinic & Research Foundation v. Genetech, Inc.,* 927 F.2d 1565, 1576-1577(Fed. Cir. 1991). To serve as an anticipation when a reference is silent about an asserted inherent or implied characteristic, such gap in the reference may be filled with recourse to extrinsic evidence. *Continental Can Co. v. Monsanto Co*., 948 F.2d 1264, 1268 (Fed. Cir. 1991). Such evidence, however, must make clear that the missing descriptive matter is necessarily present in the thing described in the reference, and that it would be so recognized by a person of ordinary skill. *Id.* In *Finnigan Corp. v. Int'l Trade Com'n*, 180 F.3d 1354, 1362, 1367 (Fed. Cir. 1999), the Federal Circuit held that whether a claim limitation is inherent in a prior art reference is a question of fact, and oral testimony respecting the same must be corroborated. Several published Federal Circuit cases relying on *Finnigan* have said that testimony must be corroborated regardless of the witness' level of interest in the litigation. *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1159 (Fed. Cir. 2004); *Dow Chemical Co. v. Mee Indus., Inc.,* 341 F.3d

1370, 1378 (Fed. Cir. 2003): *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 738 (Fed. Cir. 2002); *Texas Digital Sys., Inc. v. Telegenix, Inc.* 308 F.3d 1193, 1217 (Fed. Cir. 2002).

There are four factual inquiries underlying obviousness and the legal conclusion that a claim is invalid as obvious under 35 U.S.C. §103. *Syntex (USA) LLC v. Apotex, Inc.*, 407 F.3d 1371, 1378 (Fed. Cir. 2005). These include the scope and content of the prior art and level of ordinary skill in the art, both of which are addressed by the declarations submitted by Chelton, and not in the four exhibits, themselves.

III.    <u>Given the Facts Set Forth Above, Safeflight's Motion for an Extension of Time Should Be Granted</u>.

A fact is "material" when it affects the outcome of a case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). Here, the level of ordinary skill in the art at the time of filing of the application that issued as the '395 patent (August 26, 1992), and the inherency or implied presence of certain claim elements, are facts that must be proven by Chelton if it is to receive summary judgment for invalidity pursuant to 35 U.S.C. §102. If Chelton is to receive summary judgment for invalidity pursuant to 35 U.S.C. §103, again it must prove the level of ordinary skill in the art, as well as the scope and extent of the prior art and that the patent claim would have been obvious to that person of ordinary skill.

Not any of (1) the level of ordinary skill in the art, or (2) the inherency or implied nature of certain claim elements, or (3) the purported obviousness of the claimed invention, is addressed in the four attached articles. Chelton seeks proof solely through the testimony of the declarants, Morello and Steinmetz.

9

Further, Chelton seeks to prove the level of ordinary skill in the art, inherency or implied nature of certain claim elements and purported obiousness of the claimed invention through testimonial evidence that Safeflight cannot address without additional and extensive discovery that NASA Langley now indicates that it will not provide. Only with further documentation from NASA Langley and by cross examination of the declarants, can Safeflight begin to challenge even the scope of the TCV Program, much less the level of ordinary skill in the art, and contentions of inherency, implication and obviousness, alleged by the declarants.

IV. Conclusion

The declarations presented herewith state legitimate reasons why essential facts needed by Safeflight to oppose Chelton's motion for summary judgment cannot be presented without further discovery, and why those essential facts could not be discovered earlier. As such, Safeflight's motion to deny Chelton's motion for summary judgment under Rule 56(f) for further discovery, not less than that initially provided for by the Court in its Case Management Conference Plan/Order (Docket No. 20), should be granted.

Respectfully submitted,

s/ Ray L. Weber
Ray L. Weber        (0006497)
Phillip L. Kenner   (0018264)
Laura J. Gentilcore (0034702)
Renner, Kenner, Greive, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
Phone: (330) 376-1242
Fax:   (330) 376-9646

Attorneys for Plaintiff, Safeflight, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2006, was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Ray L. Weber

11