UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAFEFLIGHT, INC., | ) | CASE NO.:  5:05CV2622 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Resolving Document #56) |
| CHELTON FLIGHT SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter appears before the Court on a motion for attorney fees filed by Defendant Chelton Flight Systems, Inc. ("Chelton").  In its motion, Chelton requests that this Court find this to be an exceptional case under 35 U.S.C. § 285 and order Plaintiff Safeflight, Inc. ("Safeflight") to pay its attorney fees.  The Court has been advised, having reviewed the parties' extensive briefing and applicable law.  For the reasons stated below, Chelton's motion is DENIED.

**I.      Facts**

Safeflight filed its complaint alleging patent infringement on November 8, 2005. Following the grant of an extension of time, Chelton answered the complaint on April 17, 2006.  In its answer, Chelton raised the affirmative defense of invalidity.  The matter moved forward and upon completion of discovery, Chelton moved for summary judgment on its defense of invalidity.  Safeflight responded in opposition on February 1, 2007.  On February 20, 2008, the Court granted Chelton's motion and dismissed this matter with prejudice.  On March 5, 2008, Chelton filed a motion requesting attorney fees, asserting that this case is exceptional under § 285.  Safeflight responded in

1

opposition to the motion, Chelton replied, and Safeflight filed a sur-reply. The matter now appears before this Court.

**II.  Legal Standard**

35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Federal Circuit law "governs the substantive interpretation of 35 U.S.C. § 285, which is unique to patent law." *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 182 F.3d 1356, 1359 (Fed.Cir. 1999). Awarding fees under § 285 involves a two-part inquiry in which a court must first determine whether a case is exceptional and, if it is, then must determine the amount of attorney fees, if any, that is warranted. *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed.Cir. 2001). To be awarded fees, the prevailing party must prove by clear and convincing evidence that the case is "exceptional" under § 285. *Cambridge Prods., Ltd. v. Penn Nutrients, Inc.*, 962 F.2d 1048, 1050-51 (Fed.Cir. 1992).

"A case may be exceptional within the meaning of § 285 if a patentee intentionally, recklessly, or with gross negligence files and prosecutes a baseless infringement action." *Sentex Sys., Inc. v. Elite Access Sys., Inc.*, 250 F.3d 756, 2000 WL 748070 (Fed.Cir. 2000)(table decision). Furthermore, "continuance of a suit in bad faith or other misconduct during trial may make a case exceptional under § 285." *Cooper Indus., Inc. v. Juno Lighting, Inc.*, 826 F.2d 1073, 1987 WL 38103 (Fed.Cir. 1987) (table decision). Consequently, exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, or conduct similar to that which violates Fed.R. Civ.P. 11. *See, e.g.,*

2

*Cambridge Prods. Ltd.*, 962 F.2d at 1050-51 (Fed.Cir. 1992); *Beckman Instruments, Inc., v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed.Cir. 1989). "Absent misconduct in the litigation or in securing the patent, a trial court may only sanction the patentee if both the litigation is brought in subjective bad faith and the litigation is objectively baseless." *The Boler Co. v. Tuthill Corp.*, 2007 WL 3046450 (S.D.Ohio Oct. 17, 2007). *See also Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed.Cir. 2002)(holding that an exceptional case may be shown by proof of "inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.").

### III. Analysis

In its motion, Chelton sets forth six reasons that fees are justified in this matter. Those reasons are as follows: 1) prior art clearly invalidated Safeflight's patent, 2) Safelight was aware of the prior art, 3) Safeflight did not take reasonable steps to prepare for trial, 4) Safeflight unreasonably delayed the adjudication of this matter, 5) Safeflight never offered to settle the matter, and 6) Chelton informed Safeflight of its intentions to seek fees when this suit was initiated. Chelton's proffered reasons effectively fall into two categories. First, Chelton takes the position that Safeflight initiated this suit in bad faith. Second, Chelton asserts that Safeflight's conduct during the litigation was frivolous. The Court independently assesses each of Chelton's arguments.

### A. Effect of the Prior Art

Chelton has taken the position that the prior art developed by NASA so clearly invalidated the patent at issue that it was unreasonable for Safeflight to file suit for

infringement.  While this Court ultimately found merit in Chelton's contention, such a result does not make this matter exceptional under § 285.

A "frivolous" case can be "exceptional" for purposes of 35 U.S.C. § 285.  *Haynes Internat'l, Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed.Cir. 1993).  "A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known, was baseless."  *Id.*  However, the fact that the patent was ultimately determined to be invalid cannot be used to bootstrap the argument that the infringement claim was asserted in bad faith, absent clear and convincing evidence that the patentee had reason to believe that the claims were invalid or not infringed.  *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1373 (Fed.Cir. 2003).

With respect to this issue, the Court is persuaded by the analysis set forth in *Whirlpool Corp. v. LG Electronics, Inc.*, 2007 WL 570467 (W.D.Mich. 2007).

> The finding of invalidity in this case involved a complex analysis.  The Court's ultimate determination of invalidity was not so obvious that it should have been understood by Whirlpool to be a foregone conclusion. Whirlpool's disagreement with the significance of the Daewoo and Hitachi patents was not unreasonable.  Whirlpool's arguments had evidentiary and legal support.  Accordingly, Whirlpool's knowledge of the prior art that ultimately lead to the Court's finding of invalidity does not persuade this Court that Whirlpool's litigation position was frivolous or baseless. …
>
> Bringing an infringement action does not become unreasonable in terms of § 285 if the infringement can reasonably be disputed.  Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith.  Enforcement of patent rights that are reasonably believed to be infringed does not entail special penalty when the patentee is unsuccessful.

*Id.* (Citations and quotations omitted).  This Court reaches a similar conclusion.

Like Whirlpool, Safeflight has admitted knowledge of at least a portion of the prior art that this Court found invalidated its patent.  Safeflight, however, set forth

4

logical, legally supported arguments to counter Chelton's defense of invalidity. Specifically, Safeflight challenged the scope of a "person of ordinary skill in the art," alleging that Chelton's definition was too broad. When this Court ultimately accepted the definition proffered by Chelton, it noted that the unique aspects of the patent, "geography, computer programming, electrical display equipment, aircraft navigational gauges, etc.," warranted such a broad definition. The Court, however, cannot say that Safeflight's position that the definition was "overextensive" was unreasonable.

In its response to Chelton's motion for summary judgment, Safeflight detailed the extensive differences between the education of the experts relied upon by Chelton and upon the individual who developed the product at issue. Safeflight argued that accepting its narrowed definition of a person of ordinary skill in the art would defeat Chelton's premise that each aspect of the patent was "inherent" in the prior art. As the Court has found that the parties had a good-faith dispute over the proper scope of a person of ordinary skill in the art, the Court declines to find this case exceptional. This dispute over the scope of a person of ordinary skill in the art precludes a finding that Safeflight was unreasonable in its position that the prior art did not invalidate the patent. "[T]he Court refuses to find bad faith merely because [the patentee] was aware of the facts that ultimately led to a judgment against it." *Whirlpool Corp., supra.*

In addition, this Court's found that "many of the claims are not explicitly stated in the supporting documentation." The Court, however, concluded that the statements were "inherent in each of the prior documents." Effectively, this Court concluded that a person of ordinary skill in the art would recognize that certain aspects were inherent in the prior art, although not expressly stated therein. That finding, however, was premised upon this

5

Court's acceptance of Chelton's definition of a person of ordinary skill in the art. As detailed above, Safeflight reasonably argued that this definition was too broad. Consequently, this Court's ultimate conclusion does not render Safeflight's suit unreasonable.

**B.      Frivolous conduct during the litigation**

Chelton also maintains that Safeflight's actions during the course of this litigation warrant a determination that this case is exceptional. Chelton asserts that Safeflight refused to dismiss this matter once presented with the prior art, refused to discuss settlement of the matter, presented no evidence in response to the motion for summary judgment, and failed to justify the lengthy period it requested to respond to the motion for summary judgment. This Court cannot conclude that Safeflight's actions rise to the level of misconduct or frivolous behavior.

Initially, the Court gives little weight to Chelton's assertion that Safeflight failed to attempt to settle this matter. As Chelton admits in its brief, it informed Safeflight early in this litigation that it felt that the case was so lacking in merit that it intended to seek attorney fees. Safeflight's reluctance to enter into settlement discussions, therefore, is explained. Once Chelton placed Safeflight on notice that it felt that the instant suit was groundless, there was little reason for Safeflight to believe that settlement was feasible.

The Court also finds nothing frivolous in Safeflight's refusal to dismiss this matter at Chelton's request. As detailed above, Safeflight raised a legally supported argument that the prior art did not render the patent invalid. Consequently, Safeflight was within its right when it refused to dismiss this matter early in the litigation.

6

Additionally, the Court finds nothing frivolous about Safeflight's method of responding to the motion for summary judgment. It is true that Safeflight offered no expert evidence to rebut the expert evidence relied upon by Chelton. Instead, Safeflight chose to attack the quantity and quality of the evidence presented by Chelton. Effectively, Safeflight sought to demonstrate that Chelton had not met its initial burden under Fed.R. Civ.P. 56. In support, Safeflight argued that the expert evidence presented by Chelton required corroboration because the experts were also the inventors of the prior art. Chelton does not dispute that there are circumstances under which corroboration is required by law to support a claim of invalidity that relies upon evidence supplied by inventors. While the Court declined to extend that law to the facts at hand, Safeflight's legal argument was reasonable under existing law. Furthermore, if Safeflight's legal argument had been successful, its lack of evidence in response to the motion would have been irrelevant. That is to say, if the Court had accepted Safeflight's argument, Chelton would not have met its initial burden, thereby obviating any need to present evidence in rebuttal.

Chelton also takes issue with the requests for extensions of time that were granted to Safeflight during this litigation. Chelton asserts that Safeflight deliberately requested more time than necessary in order to extend the life of this litigation. Chelton ignores the fact that this Court approved each extension of time, finding the requests reasonable. Thereafter, Safeflight filed the appropriate pleadings within the time frames set forth by the Court. While Chelton asserts that little was done during these extensions, the Court does not find Safeflight's actions to be frivolous. Once Safeflight received an extension

7

of time to respond to the dispositive motion, it deposed one of Chelton's experts and filed an appropriate response to the motion for summary judgment.

Finally, Chelton asserts that Safeflight failed to "take objectively reasonable steps" to prepare this matter for trial.  Chelton asserts that Safeflight routinely failed to timely respond to discovery and that its defenses were inadequate.  However, Chelton concedes that it never moved to compel production from Safeflight, believing that any discovery issue would become moot based on its motion for summary judgment.  Moreover, Chelton asserts that Safeflight disclosed its expert's existence too late to permit him to testify at trial and that the report was irrelevant to the issues at hand.  While Safeflight's counsel may have pursued an ultimately unsuccessful legal argument and been lackadaisical in his discovery responses, this Court is not inclined to second-guess that strategic choice.  Safeflight chose its legal theory and pursued that theory.  Discovery proceeded without the need to involve this Court, and the matter was resolved through a motion for summary judgment that was properly opposed.  The Court, therefore, cannot say that Safeflight's conduct during this litigation was frivolous or unreasonable.

**CONCLUSION**

Chelton has not shown by clear and convincing evidence that this is an exceptional case under § 285.  Chelton's motion for attorney fees is DENIED.

So ordered.

April 24, 2008                             ____/s/ Judge John R. Adams_____
                                           JUDGE JOHN R. ADAMS
                                           UNITED STATES DISTRICT COURT